**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-20209**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**STANISLAW R. BURZYNSKI, and**
**BURZYNSKI RESEARCH INSTITUTE, INC.**

**Defendants-Appellants.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(CR-H-95-290)**
_____

April 12, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellants appeal from the district court's order setting the conditions of appellants' pretrial release. And, appellants' patients seek leave to continue as amicus curiae in this court. The petition to continue as amicus curiae is **GRANTED**.

Appellants and amicus curiae contend that the district court abused its discretion in imposing the condition that appellants not commit any offense in violation of federal, state, or local law while on pretrial release. Appellants and amicus curiae maintain that appellants should be allowed to continue to treat their

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

patients with antineoplaston pending the resolution of appellants' criminal trial. The condition that appellants not violate federal, state, or local law was statutorily required under 18 U.S.C. § 3142(c)(1)(A). The interstate distribution of antineoplaston violates federal law and has been prohibited by a permanent injunction. *United States v. Burzynski Cancer Research Institute, et al.*, No. H-83-2069 (S.D. Tex., May 24, 1984). The intrastate distribution of antineoplaston without approval of the United States Food and Drug Administration (FDA) and outside of FDA-approved clinical trials violates Texas law. *See **Trustees of the Northwest Laundry and Dry Cleaners Health & Welfare Trust Fund v. Burzynski***, 27 F.3d 153, 155 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 1110 (1995). The district court did not abuse its discretion in imposing the conditions of pretrial release.

Amicus curiae assert that, in the alternative, the court should stay the pretrial release order pending the resolution of appellants' criminal trial. Amicus curiae have not presented a substantial case on the merits to establish a legal basis for the court to permit appellants to continue to distribute antineoplaston without FDA approval and outside of FDA-approved clinical trials. *See **Ruiz v. Estelle***, 650 F.2d 555, 565 (5th Cir. 1981), *cert. denied*, 460 U.S. 1042 (1983).

Appellants' motion for oral argument, and amicus curiae's motion for oral argument, motion to maintain stay, and motion to remand for evidentiary hearing are **DENIED**. The district court's order imposing conditions for pretrial release is **AFFIRMED**.